UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:


BRIAN WHITE, an individual,

      Plaintiff,

vs.

ANDREW MESA, an employee of the City of
Miami Police Department, in his capacity as an
individual, JOSE PENA, an employee of the
City of Miami Police Department, in his
capacity as an individual, JOHN DOE, an
employee of the City of Miami Police
Department, TOMAS REGALADO, in his
official capacity as Mayor of the City of Miami,
Florida, CITY OF MIAMI, a subdivision of the
State of Florida,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, BRIAN WHITE, by and through undersigned counsel, and

hereby sues defendants, Defendants, ANDREW MESA ("MESA") , an employee of the City of

Miami Police Department ("MPD"), in his capacity as an individual, JOSE PENA ("PENA"), an

employee of the MPD, in his capacity as an individual, JOHN DOE ("DOE), an employee of the

MPD, in his capacity as an individual, TOMAS REGALADO ("REGALADO"), in his official

capacity as Mayor of CITY OF MIAMI, and CITY OF MIAMI ("MIAMI-DADE"), a subdivision

of the State of Florida, in his individual capacity, (collectively, "The Defendants"), and alleges as

follows:

## PRELIMINARY ALLEGATIONS

1.      Plaintiff, BRIAN WHITE (hereinafter "WHITE") is a citizen of the United States and a resident of Miami-Dde County, Florida.  At all times material hereto, he was a passenger in a vehicle who was seized.

2.      Defendant, ANDREW MESA (hereinafter "MESA"), was at all times material hereto, a resident of Miami-Dade County, Florida and is *sui juris*.

3.      Defendant, JOSE PENA (hereinafter "PENA"), was at all times material hereto, a resident of Miami-Dade County, Florida and is *sui juris*.

4.      Defendant JOHN DOE (hereinafter "DOE"),[1] upon information and belief, was at all times material hereto, a resident of Miami-Dade County, Florida and is *sui juris*.

5.      Defendants, MESA, PENA, and DOE, were at all times material hereto, Officers employed by the City of Miami Police Department.

6.      Defendants were at all times material hereto, "state actors" as defined in 42 U.S.C. § 1983.

7.      Defendants MESA, PENA, and DOE shall be referred to collectively as the "Individual Defendants."

8.      Defendant CITY OF MIAMI (hereinafter "Defendant City") is a legal subdivision of the State of Florida and is the legal entity responsible for itself.   This Defendant is also the employer of the Individual Defendants and is the proper entity to be sued under 42 U.S.C. § 1983.

9.      Defendant TOMAS REGALADO (hereinafter "REGALADO"), is the Mayor of CITY OF MIAMI.  Defendant CARLOS A. GIMINEZ, is sued in his official capacity as the Mayor

---

[1] This Defendant, although his conduct has been observed on surveillance video, has not been identified by the Plaintiff. However, his identify will be revealed through discovery and Plaintiff shall promptly file an amended complaint.

of CITY OF MIAMI, employed by Defendant MIAMI-DADE COUNTY and was acting under color of state law.

10.    As the Mayor of CITY OF MIAMI, Defendant REGALADO both exercised and delegated his municipal final decision making power to the Director of MPD and others.  Upon information and belief, he also trained and supervised the Individual Defendants.

11.    Defendant City and GIMINEZ are properly sued directly under 42 U.S.C. §1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complaint of constitutional and statutory violations and resulting injuries.

12.    The Defendant City is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant GIMINEZ in his official capacity as the Mayor of CITY OF MIAMI, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

## JURISDICTION AND VENUE

13.    This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

14.    Additionally, this Honorable Court has supplemental jurisdiction of the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the acts and omissions which give rise to this action occurred with this District.

## PROCEDURAL CONSIDERATIONS

16.     All conditions precedent, including, but not limited to, compliance with Florida Statutes § 768.28, have occurred, been satisfied or have been waived.

17.     A trial by jury is hereby requested on all issues.

## FACTS COMMON TO ALL COUNTS

18.     On or about July 2, 2015, Plaintiff WHITE, was a passenger in a vehicle being driven by John Henry Thomas.  On that day, John Henry Thomas had picked up Plaintiff WHITE from work and was giving him a ride home.

19.     On the way home, John Henry Thomas informed Plaintiff WHITE that he needed to make a quick stop to run an errand. No information was provided to Plaintiff WHITE regarding the details of the stop.

20.     Unbeknownst to Plaintiff WHITE, the vehicle in which he was a passenger matched the description of a criminal actor.  The alleged Victim and/or his agent notified authorities.

21.     Defendant PENA observed the vehicle being driven from John Henry Thomas and he attempted to make a traffic stop.  John Henry Thomas refused to stop and quickly accelerated in an attempt to flee and elude police capture, without warning to Plaintiff WHITE..

22.     Plaintiff WHITE pleaded with John Henry Thomas to stop his flight from police or to at least stop to allow Plaintiff WHITE to exit the vehicle, since he was in no way involved in the fraudulent activities of John Henry Thomas.  His pleads were ignored.

23.     The vehicle driven by John Henry Thomas finally came to rest just north of NW 11th Street on NW 33rd Avenue in Miami, Florida.  John Henry Thomas exited the vehicle and laid on the ground and was taken into custody.

24.     Multiple officers arrived on scene including PENA, MESA and DOE.  Plaintiff

WHITE, in fear for his life from the aggressive posture of the officers, remained in the passenger side of the vehicle with his hands, clearly visible, in the air in a manner plainly indicative of submission.

25.     At least three officers, including MESA and PENA, had their weapons drawn on Plaintiff WHITE from three different directions.  At least one officer opened the rear passenger side door of the vehicle and put a gun on the back of Plaintiff WHITE's head.

26.     Plaintiff WHITE crippled by fear and the imminent threat of death by the multitude of officers yelling different and conflicting commands, all with their weapons drawn, remained in the passenger side of the vehicle with his hands still in the air in a manner plainly indicative of submission.

27.     Defendant MESA, opened Plaintiff WHITE's door and this is where the unreasonable mele by multiple City of Miami Police Officers began.  Defendant MESA slammed Plaintiff WHITE to the ground, where no restistance was undertaken by Plaintiff WHITE.

28.     At that same time, Defendant DOE, who was waived forward by another City of Miami Police Department, without warning or provocation, delivered a violent and forceful kick to Plaintiff WHITE's head/face region.

29.     Moments later, Defendant MESA and PENA unleashed blow after blow with closed fists to the face of Plaintiff WHITE, as well as his body.

30.     MESA, PENA, and DOE, viciously attacked WHITE, who was not resisting the officers efforts.  Additional officers also participated in the savage and  unprovoked attack on Plaintiff WHITE.

31.     WHITE was also repeatedly forcibly slammed into the ground by the Individual Defendants.

32.     WHITE suffered multiple injuries as a result of the attack including swelling and bruising of his face, contusions and abrasions on his neck, arms, and chest.

33.     On July 7, 2015, WHITE filed a complaint relating to the attack with the Division of Internal Affairs of the City of Miami Police Department, which was initially mostly ignored and summarily rubberstamped that the Individual Defendants were acting within policy, did not use excessive force.

34.     Once questioned regarding the incident, the Individual Defendants failed to properly document the entirey of the injuries, colluded in the creation of their statements, contradicted one another and the video evidence, failed to include all of the persons who physically assaulted Plaintiff WHITE at the time of the incident, including DOE, all in an attempt to divert from liability for and cover up their viciously brutal attack on a defenseless, disabled individual.

35.     All of the above-described acts were done by the Individual Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for WHITE's federally protected rights and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of the Defendant City and Defendant REGALADO acting under color of state law.

36.     With deliberate indifference to the rights of citizens to be free from excessive force by law enforcement, the Defendant City and Defendant REGALADO have ongoingly encouraged, tolerated, ratified and acquiesced to a dangerous environment of police brutality by:

    a.   Failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

    b.   By failing to adequately punish unconstitutional uses of force;

    c.   By tolerating the use of unconstitutional force;

d. By ongoingly failing to properly or neutrally investigate citizen complaints of excessive force; and,

e. By tolerating, encouraging and permitting collusive statements by involved officers in such situations.

37. It is a longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Defendant City, Defendant REGALADO and the City of Miami Police Department to permit officers to use excessive force against individuals when such use in unnecessary and unjustified, as well as to fail to supervise and to train officers in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significate risk of injury to the public.

38. It is the longstanding widespread custom, habit, practice and/or policy of the Defendant City, Defendant REGALADO and the City of Miami Police Department to find no fault with police conduct as long as any story is given by police, regardless of how incredible.

39. The Division of Internal Affairs routinely ratifies, acquiesces, rubber stamps, and tolerates the malicious collusive conduct and unconstitutional actions of police by routinely ignoring serious complaints of excessive force and collusion between acting officers.

40. The Defendant City and Defendant REGALADO did exactly that here, deciding through the Division of Internal Affairs to ratify and declare to be within policy these unconstitutional, retaliatory actions with partial Division of Internal Affairs findings of non-fault and justifiable use of force by the Individual Defendants involved.

41. Thus, on September 1, 2015, Major David Sanchez, after being briefed by Sergeant Orville McLish, concluded that the allegations of excessive force were within the policies of the City of Miami Police Department and instructed Sergeant McLish to close the file as "information

only."

42.      This despite the fact that the Individual Defendants' statements were apparently drafted under colluded efforts, were all contradicted by the video evidence, intentionally left out physical injuries to the Plaintiff that were more indicative of much more force, and also left out additional officers that were present at the time that physically assaulted Plaintiff WHITE.

43.      These final policy decisions by the Division of Internal Affairs in its role as the final delegated policy decision maker with respect to reviewing police misconduct create liability for Defendant City and Defendant REGALADO.  They are also further evidence of the ongoing deliberately indifferent custom, habit, policy, decision, practice, training and supervision of the City of Miami Police Department , the Defendant City and Defendant REGALADO of tolerating and encouraging lawlessness and disregard for the federal rights of citizens among the City of Miami Police Department.

44.      Upon information and belief, in this exact period, before and since this event, the Division of Internal Affairs has unfounded other complaints of excessive force and outrageous actions by law enforcement without serious investigation and to provide cover up support to members of the force violating the constitutional and statutory rights of citizens.

45.      Upon information and belief, because of this utter failure of supervision and oversight, other members of the public have been hurt by at least some of the same officers who have been the subject of citizen complaints both prior to July 2, 2015 and thereafter.

46.      As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs were injured and damaged.

47.      The injuries, damages, and relief which WHITE seek from the Defendants, jointly and severally, under both state and federal law, include, but are not limited to:

a.   Damages for physical pain and suffering in the past and future;

b.   Damages for emotional pain and suffering in the past and future;

c.   Damages for medical expenses in the past and future;

d.   Aggravation of a preexisting condition;

e.   Damages for loss of enjoyment of life in the past and future;

f.   Damages for lost wages in the past;

g.   Scars and disfigurement;

h.   Damages for the loss of earning capacity;

i.   Punitive damages;

j.   Pre and post judgment interest;

k.   Attorney's fees; and

l.   All such other relief, both general and specific, that this Court deems just and

appropriate.

## COUNT I – EXCESSIVE FORCE IN VOLATION OF FOURTH AND FOURTEENTH AMENDMENTS – DUE PROCESS (42 U.S.C. § 1983) AGAINST DEFENDANTS MESA, PENA, AND DOE

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one

(1) through forty-seven (47) as though alleged originally herein.

48.   42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

49.   Plaintiff in this action is a citizen of the United States and all of the Individual

Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

50.     In committing the acts complained of herein, the Defendants acted jointly and under color of state law to deprive Plaintiff WHITE of his clearly established constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution including, but not limited to:

a.   Freedom from unreasonable seizure;

b.   The right to be free from unreasonable searches;

c.   Freedom from the use of unreasonable, unjustified and excessive force;

d.   Freedom from deprivation of liberty and property without due process of law;

e.   Freedom from summary punishment;

f.   Freedom from the prevention of officers from using excessive force; and

g.   Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

51.     In violating Plaintiff WHITE's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and utilized unnecessary, unjustified, unreasonable and excessive force.

52.     The Individual Defendants' actions were not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the scene.

53.     Further, the acts or conduct committed by the Individual Defendants against WHITE occurred in the presence of each other and the Individual Defendants further violated WHITE's constitutional rights by failing to intervene and prevent the violation of WHITE's constitutional rights by fellow officers.

54.     All Individual Defendants knowingly and deliberately conspired to deprive WHITE of his civil rights.

55.     The Individual Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of WHITE's federally protected constitutional rights.

56.     They did so with shocking and willful indifference to WHITE's rights and their conscious awareness that they would cause WHITE severe physical and emotional injuries.

57.     The acts or omissions of the Individual Defendants were moving forces behind WHITE's injuries.

58.     The acts or omissions of the Individual Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

59.     These Individual Defendants are not entitled to qualified immunity for the complained of conduct.

60.     The Defendants to this claim at all times material hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to WHITE.

61.     As a direct and proximate result of the violation of his constitutional rights by the Defendants, WHITE suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

62.     The injuries and damages are permanent in nature, and the Plaintiff will suffer the losses and impairments in the future.

63.     In additional to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

### COUNT II – DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING, AND SUPERVISION IN VIOLCATION OF THE FOURTH, FOURTEENTH AMENDMENTS AND IN VIOLATION OF 42. U.S.C. § 1981 (42 U.S.C. § 1983) AGAINST DEFENDANTS CITY OF MIAMI AND TOMAS REGALADO ONLY

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through sixty-three (63) as though alleged originally herein.

64.     42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

65.     Plaintiff in this action is a citizen of the United States and all of the Individual Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

66.     The Defendants to this claim at all times material hereto were acting under the color of state law.

67.     Plaintiff WHITE had the following clearly established constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution at the time of the complaint conduct, including, but not limited to:

      a.     Freedom from unreasonable seizure;

      b.     The right to be free from unreasonable searches;

      c.     Freedom from the use of unreasonable, unjustified and excessive force;

      d.     Freedom from deprivation of liberty and property without due process of law;

      e.     Freedom from summary punishment;

f.    Freedom from the prevention of officers from using excessive force; and

g.    Freedom from arbitrary governmental activity which shocks the conscience of

a civilized society.

68.    Defendant City and Defendant REGALADO knew or should have known of these

rights at the time of the complained of conduct as they were clearly established at that time.

69.    The acts or omissions of these Defendants, as described herein, deprived WHITE

of his constitutional and statutory rights and caused him other damages.

70.    The acts or omissions of the Individual Defendants as described herein,

intentionally deprived WHITE of his constitutional and statutory rights and caused him other

damages.

71.    These Defendants are not entitled to qualified immunity for the complained of

conduct.

72.    Defendant City, Defendant REGALADO and the Division of Internal Affairs were,

at all times material hereto, policymakers for City of Miami, Florida and City of Miami Police

Department, and in that capacity established policies, procedures, customs, and/or practices for the

same.

73.    These Defendants developed and maintained policies, procedures, customs and/or

practices exhibiting deliberate indifference to the constitutional rights of citizens, which were

moving forces behind and proximately caused the violations of WHITE's constitutional and

federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate

choice to follow a course of action from among various available alternatives.

74.    Defendant REGALADO and the Defendant City have created and tolerated an

atmosphere of lawlessness, and have developed and maintained long-standing, department-wide

customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of WHITE and of the public.

75.     In light of the duties and responsibilities of those offiers that participate in arrests, detention and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

76.     The deliberately indifferent training and supervision provided by Defendant City and Defendant REGALADO resulted from a conscious or deliberate choice to follow a course of action from amount various alternatives available to Defendant City and Defendant REGALADO and were moving forces in the constitutional and federal violation injuries complained of by WHITE.

77.     As a direct and proximate result of the violation of his constitutional rights by the Defendants, WHITE suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

78.     The injuries and damages are permanent in nature, and the Plaintiff will suffer the losses and impairments in the future.

79.     In additional to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law

and demand trial by jury.

## COUNT III – NEGLIGENCE AGAINST DEFENDANT REGALADO, IN HIS OFFICIAL CAPACITY AS MAYOR OF CITY OF MIAMI

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through forty-seven (47) as though alleged originally herein.

80.     At all times material hereto, City of Miami Police Department was a law enforcement agency.

81.     At all times material hereto, the Individual Defendants were officers, employees or agents of City of Miami Police Department and acted within the course and scope of their respective employment or agency.

82.     Defendant TOMAS REGALADO, in his Official Capacity as Mayor of City of Miami, Florida, is responsible for the actions of his officers acting within the course and scope of their employment.

83.     It was the duty of the Individual Defendants to provide WHITE with reasonable care under the circumstances.

84.     On or about July 2, 2015, Defendant, REGALADO and/or his agents, servants, and/or employees breached their duty to provide WHITE with reasonable care under the circumstances.

85.     WHITE was injured due to the fault and/or negligence of Defendant, TOMAS REGALADO and/or his agents, servants and/or employees for acts and/or omissions that include, but are not limited to, the following:

          a.     Failure to use appropriate force with an arrestee; and/or

          b.     Failure to properly supervise and oversee the officers interacting with an

arrestee; and/or

c.   Failure to promulgate, enforce and/or comply with adequate policies and procedures for the proper reporting of instances of excessive force; and/or

d.   Failure to promulgate, enforce and/or comply with adequate policies and procedures for the intervention by fellow officers when on officer is using excessive force with an arrestee; and/or

e.   Failure to properly train officers to know what is appropriate force to be used when handling an arrestee; and/or

f.   Failure to properly train officers on identifying needs for intervention when a deputy is using excessive force with an arrestee; and/or

g.   Failure to promulgate, enforce and/or comply with adequate policies and procedures to ensure that appropriate force is used on an arrestee; and/or

h.   Failure to promulgate, enforce and/or comply with rules, regulations, policies and practices concerning the safety of an arrestee while in custody.

All of which caused WHITE to suffer severe and permanent injuries when he was forcibly, violently and repeatedly struck by officers in the effectuation of an arrest.

86.   Defendant, REGALADO, and/or his agents, servants and/or employees knew of the foregoing conditions causing Plaintiff's injuries and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, REGALADO, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

87.   As a direct and proximate result of the negligence of Defendant, REGALADO, WHITE was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal

pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity in the future has been impaired.

88.     The injuries and damages are permanent in nature, and the Plaintiff will suffer the losses and impairments in the future.

89.     **WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT IV– BATTERY AGAINST DEFENDANTS MESA, PENA AND DOE

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through forty-seven (47) as though alleged originally herein.

90.     On or about July 2, 2015, Defendants MESA, PENA, and DOE intentionally and recklessly did acts with resulted in offensive contact with WHITE's person, including but not limited to: striking WHITE in the fact and various parts of body; slamming into flooring; and forcefully and excessively attempting to restrain his body.

91.     Defendants MESA, PENA, and DOE did such acts with the intent to cause harmful and offensive contact with the body of WHITE.

92.     As a direct, legal and proximate result of such acts of Defendants MESA, PENA, and DOE, WHITE was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical

expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income

lost in the past, and his working ability and earning capacity in the future has been impaired.

93.     The injuries and damages are permanent in nature, and the Plaintiff will suffer the

losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law

and demand trial by jury.

Dated this 27th day of October, 2017

                              Respectfully submitted,

                              FISCHER REDAVID, PLLC
                              *Attorneys for Plaintiff*
                              2888 East Oakland Park Blvd.
                              Fort Lauderdale, FL 33306
                              Telephone: (954) 860-8434
                              Facsimile: (954) 860-8584

                         By: */s/ John P. Fischer*
                              JOHN P. FISCHER, ESQ.
                              Florida Bar No: 99751
                              JORDAN REDAVID, ESQ.
                              Florida Bar No: 109227
                              service@frtriallawyers.com